# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE BALTZ,<br><br>        Plaintiff,<br><br>  v.<br><br>BALTIMORE AIRCOIL COMPANY,<br><br>        Defendant. | 1:10-cv-0058 OWW SKO<br><br>**SCHEDULING CONFERENCE ORDER**<br><br>Discovery Cut-Off: 5/2/11<br><br>Non-Dispositive Motion Filing Deadline: 5/16/11<br><br>Non-Dispositive Motion Hearing Date:  6/17/11 9:00 Ctrm. 8<br><br>Dispositive Motion Filing Deadline: 6/2/11<br><br>Dispositive Motion Hearing Date:  7/11/11 10:00 Ctrm. 3<br><br>Settlement Conference Date: 5/18/11 10:00 Ctrm. 8<br><br>Pre-Trial Conference Date: 8/22/11 11:00 Ctrm. 3<br><br>Trial Date: 9/27/11 9:00 Ctrm. 3 (JT-13 days) |

I.  Date of Scheduling Conference.

    May 12, 2010.

II. Appearances Of Counsel.

    Wagner & Jones, LLP by Nicholas Wagner, Esq., appeared on

1

behalf of Plaintiff.

Gallawa • Brown • Kroesch by Douglas A. Kroesch, Esq., appeared on behalf of Defendant Baltimore Aircoil Company.

III. Summary of Pleadings.

1. Plaintiff's Complaint which was originally filed in the Superior Court of California, County of Madera and removed on the basis of diversity of citizenship, alleges violation of California Government Code § 12940, et seq. (sexual harassment and retaliation and sexual battery). The Plaintiff's complaint was filed against Baltimore Aircoil Company and Javier Garcia. Javier Garcia was dismissed from the action when it was pending in state court and is no longer a party.

2. The Plaintiff's complaint seeks compensatory damages for present and future loss of wages, earnings, salary, bonuses and other employment benefits; interest; general damages for emotional and mental distress and physical personal injury; general damages for pain and suffering; attorney's fees and costs; and punitive damages.

3. The answer of Defendant, Baltimore Aircoil Company denies the allegations asserted against it by the Plaintiff.

IV. Orders Re Amendments To Pleadings.

1. The parties do not anticipate amending the pleadings at this time.

V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1. Plaintiff, Michelle Baltz, was an employee at Baltimore Aircoil Company located in Madera, between February

1985 and 2008.

    2.   In March 2005, Javier Garcia, a Baltimore Aircoil Company Control Manager, gave massages to Ms. Baltz's head and shoulders in her private office.  In early April, during one of these sessions, Mr. Garcia grabbed Ms. Baltz's breasts.  Ms. Baltz objected, Mr. Garcia left and did not continue his actions.

    3.   In mid-April 2005, Ms. Baltz reported the incident to Douglas White, her supervisor and the plant manager.  Mr. White confronted Mr. Garcia and verbally reprimanded him. Further investigation resulted in the termination of Mr. Garcia in September 2005.

  B.   Contested Facts.

    1.   Ms. Baltz contends that following these incidents she was harassed and retaliated against for complaining of the harassment.  She claims that she was ultimately fired in retaliation.

    2.   Baltimore Aircoil Company contends that Ms. Baltz was terminated in February 2008, after numerous verbal and written performance counseling sessions with the new plant manager, Luke Rubino, because Ms. Baltz failed to perform her job duties in a competent manner.

    3.   All remaining facts are disputed.

VI.  Legal Issues.

  A.   Uncontested.

    1.   Jurisdiction exists under 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

    2.   Venue is proper under 28 U.S.C. § 1391.

    3.   The parties agree that the substantive law of the

1  State of California provides the rule of decision for
2  supplemental claims.
3      B.    Contested.
4          1.    The applicability of various California law
5  provisions and common law to the facts of this case.
6          2.    All remaining legal issues are disputed.
7  VII. Consent to Magistrate Judge Jurisdiction.
8      1.    The parties have not consented to transfer the
9  case to the Magistrate Judge for all purposes, including trial.
10 VIII.    Corporate Identification Statement.
11     1.    Any nongovernmental corporate party to any action in
12 this court shall file a statement identifying all its parent
13 corporations and listing any entity that owns 10% or more of the
14 party's equity securities.  A party shall file the statement with
15 its initial pleading filed in this court and shall supplement the
16 statement within a reasonable time of any change in the
17 information.
18 IX.  Discovery Plan and Cut-Off Date.
19     1.    The parties shall make their Rule 26(f)(2) disclosures
20 on or before May 26, 2010.
21     2.    Pursuant to agreement of the parties, the Plaintiff has
22 served and Defendant has responded to interrogatories.  Following
23 the disclosures, the parties anticipate exchange of
24 interrogatories and document requests.
25     3.    The parties anticipate approximately 20-25 depositions
26 which would include the Plaintiff, co-workers and supervisors at
27 Baltimore Aircoil Company and persons familiar with Plaintiff's
28 claimed injuries and damages.

4

        4.    The parties are ordered to complete all non-expert discovery on or before February 1, 2011.

        5.    The parties are directed to disclose all expert witnesses, in writing, on or before March 1, 2011.  Any rebuttal or supplemental expert disclosures will be made on or before April 1, 2011.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

        6.    The parties are ordered to complete all discovery, including experts, on or before May 2, 2011.

        7.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.    Pre-Trial Motion Schedule.

        1.    All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before May 16, 2011, and heard on June 17, 2011, at 9:00 a.m. before Magistrate Judge Sheila K. Oberto in Courtroom 8.

        2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time

pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.    All Dispositive Pre-Trial Motions are to be filed no later than June 2, 2011, and will be heard on July 11, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

    1.    August 22, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.    Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII.  Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.   Trial Date.

    1.    September 27, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

6

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    Twelve to thirteen days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

## XIV. Settlement Conference.

    1.    A Settlement Conference is scheduled for May 18, 2011, at 10:00 a.m. in Courtroom 8 before the Honorable Sheila K. Oberto, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The

statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

  5. The Confidential Settlement Conference Statement shall include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. A summary of the proceedings to date.

   d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

   e. The relief sought.

   f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

  1. If punitive damages are an issue, the amount, if any, of punitive damages, will be tried in a continuous trial before the same jury in a second phase after a determination of

8

liability, compensatory damages and entitlement to punitive damages.

XVI. Related Matters Pending.

    1.   There are no related matters other than the bankruptcy of Javier Garcia, who has been dismissed from this case.

XVII.   Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.   Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in

9

the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   May 13, 2010**                              **/s/ Oliver W. Wanger**
                                               UNITED STATES DISTRICT JUDGE